# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| In re: | : | Case No. 04-50492 |
| | : | |
| Daniel S. Summers | : | Chapter 7 |
| Jeannette E. Summers | : | |
| | : | Judge Hoffman |
| Debtor. | : | |

| | | |
|---|---|---|
| WILLKIE FARR & GALLAGHER LLP | : | |
| | : | Adv. Pro. Number 04-02244 |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| DANIEL S. SUMMERS | : | |

## PLAINTIFF WILLKIE FARR & GALLAGHER LLP'S
## MOTION FOR SUMMARY JUDGMENT

Plaintiff Willkie Farr & Gallagher ("WF&G "), by and through its counsel, hereby moves this Court for an Order granting summary judgment on Count I of WF&G's Complaint and ordering that Defendant's debt to WF&G is excepted from discharge. The support for this Motion is more fully set forth in the attached Memorandum in Support.

                                                          Respectfully Submitted,

                                                          /s/  Justin W. Ristau
                                                          Kenneth C. Johnson    (0022021)
                                                          Justin W. Ristau        (0075222)
                                                          Bricker & Eckler LLP
                                                          100 South Third Street
                                                          Columbus, Ohio  43215-4291
                                                          (614) 227-2300
                                                          Fax: (614) 227-2390
                                                          kjohnson@bricker.com
                                                          jristau@bricker.com
                                                          Counsel for Plaintiff Willkie Farr & Gallagher LLP

# MEMORANDUM IN SUPPORT

## I. Statement of Facts

In or around March of 2003, Defendant Daniel S. Summers ("Defendant") engaged Plaintiff Willkie Farr & Gallagher LLP ("WF&G ") to provide legal services on behalf of Defendant's interests individually in connection with a proposed transaction with the Elder-Beerman Stores Corporation. See Affidavit of Steven Seidman In Support of Summary Judgment (the "Seidman Aff."), ¶ 5, attached hereto as Exhibit 1. On or about March 13, 2003, attorney Steven A. Seidman ("Mr. Seidman"), on behalf of WF&G, confirmed in writing the terms of WF&G's engagement by letter dated March 13, 2003. See Seidman Aff., ¶ 6. A true and accurate copy the letter is attached to the Seidman Aff. as Exhibit A.

In connection with this engagement, and as a condition to WF&G's representation of Defendant, WF&G required that Defendant provide some assurance of his financial condition and ability to pay for the legal services provided. See Seidman Aff., ¶ 7. In response, Defendant delivered to WF&G documents and correspondences that showed Defendant or insiders to Defendant having a net worth of $138,774,218.00. See Seidman Aff., ¶ 8. Specifically, on or about April 11, 2003, Defendant emailed to Mr. Seidman a statement prepared by Defendant describing specific investments owned or held by Defendant and Jeannette E. Summers showing a total net worth in the amount of $138,774,218.00, broken down into trust assets, real estate assets, other assets, and liabilities. See Seidman Aff., ¶ 9. A true and accurate copy is attached to the Seidman Aff. hereto as Exhibit B. On or about April 14, 2003, Defendant forwarded to WF&G through James McLaren ("Mr. McLaren") a separate email originally drafted by Patrick Jensen ("Mr. Jensen") of Duff & Phelps, LLC, which stated that a letter attached thereto summarizes the estimated net worth of Defendant, a Duff & Phelps, LLC client (the "Duff &

Phelps letter"). See Seidman Aff., ¶ 10. A true and accurate copy of such email is attached to the Seidman Aff. as Exhibit C.

The Duff & Phelps letter attached to Mr. Jensen's original email stated that Defendant's estimated net worth as of August 26, 2002 totaled $138,774,218.00, and was signed by Mr. Jensen, a Managing Director of Duff & Phelps, LLC, and two other representatives of Duff & Phelps, LLC. See Seidman Aff., ¶ 11. A true and accurate copy of the letter is attached to the Seidman Aff. as Exhibit D. These electronic correspondences containing written statements of the financial condition of Defendant or insiders to Defendant were sent by Defendant to WF&G in response to WF&G's request for verification of Defendant's ability to pay for legal services rendered or to be rendered by WF&G. See Seidman Aff., ¶ 12. WF&G relied on these written statements of Defendant's financial condition in agreeing to provide legal services to Defendant. See Seidman Aff., ¶ 13.

Notwithstanding Defendant's representation of ability to pay, Defendant has refused to tender payment for the services. See Seidman Aff., ¶ 14. As a result, Defendant currently owes WF&G not less than $353,411.90 as of the petition date, plus interest and costs for legal services provided in reliance on Defendant's representations of his net worth and ability to pay. See Seidman Aff., ¶ 15.

In addition to the affirmative evidence set forth in the Seidman Aff., Defendant has admitted each of the elements of WF&G's claim through his failure to deny or object to WF&G's Requests for Admissions. WF&G submitted its First Set of Interrogatories, Request for Production of Documents, and Request for Admissions (the "First Set of Discovery") to counsel for Defendant on February 16, 2005 via hand delivery. See February 16, 2006 Service Letter, attached hereto as Exhibit 2. Defendant's counsel received the First Set of Discovery by hand

delivery that same day. Because Defendant's counsel's motion to withdraw was pending at this time, WF&G also served via regular mail its First Set of Discovery directly to Defendant at his last known address, as set forth in the motion to withdraw. See February 16, 2005 Service Letter attached hereto as Exhibit 3. Because the response period designated in the First Set of Discovery was thirty days, Defendant's responses were due on or before March 18, 2005.

As of the filing of this Motion, Defendant has never responded to the First Set of Discovery. Instead, on March 18, 2005, Ms. Schlenker, a paralegal for Defendant's counsel, sent an electronic message to WF&G's counsel acknowledging receipt of the First Set of Discovery and admitting that the responses were past due. See March 18, 2005 Electronic Message attached hereto as Exhibit 4. Ms. Schlenker offered to continue forwarding any correspondence to Defendant, but offered no suggestion that WF&G would receive a response to the First Set of Discovery.

The following Requests for Admissions were included in the First Set of Discovery delivered to Defendant and Defendant's counsel on February 16, 2005:

1. Admit that you delivered a written statement to WF&G containing representations related to your financial condition.
2. Admit that the written statement delivered to WF&G contained materially false representations related to your financial condition.
3. Admit that WF&G reasonably relied upon the written statements related to your financial condition in providing additional legal services to you.
4. Admit that you provided the written statements related to your financial condition with the intent to deceive WF&G.

See WF&G's First Set of Interrogatories, Request for Production of Documents, and Request for Admissions attached hereto as Exhibit 5.

## II. Standard of Review

The standard of review for motions for summary judgment is contained in Federal Rule of Civil Procedure 56(c) and is applicable to bankruptcy adversary proceedings by incorporation in Bankruptcy Rule 7056.  Federal Rule of Civil Procedure 56(c) states, in part, that a court must grant summary judgment to the moving party if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  In order to prevail, the moving party, if bearing the burden of persuasion at trial, must establish all elements of its claim. See Celotex Corp. v. Catrett, 477 U.S. 317, 331, 106 S.Ct. 2548, 2556, 91 L. Ed. 2d 265 (1986); see also, Roberds, Inc. v. Broyhill Furniture (In re Roberds, Inc.), 313 B.R. 732, 735 (Bankr. S.D.O.H., 2004)

## III. The Unanswered Requests For Admissions Are Deemed Admitted Under Bankruptcy Rule 7036 and Rule 36 of the Federal Rules of Civil Procedure

Defendant has admitted all matters set forth in the Request for Admissions by failing to reply within the time allowed.  Rule 36 of the Federal Rules of Civil Procedure, applicable herein pursuant to Bankruptcy Rule 7036, provides in pertinent part:

> Each matter of which an admission is requested shall be separately set forth.  The matter is admitted **unless**, within a period designated in the request, not less than 30 days after service of the request, or within such shorter or longer time as the court may allow or as the parties may agree to in writing, subject to Rule 29, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by the party's attorney. (emphasis added).

It is settled law under the Federal Rules of Civil Procedure that unanswered requests for admissions under Rule 36(a) are deemed admitted. Civ.R. 36(a); Barna v. Haas (In re Haas), 292

B.R. 167, 172 (Bankr. S.D.Ohio, 2003). Further, issues deemed admitted pursuant to Rule 36(a) may form the basis of a motion for summary judgment brought pursuant to Rule 56. See Davis v. North American Mortgage Company (In re Kenny), 276 B.R. 579, 581 (Bankr. S.D.Ohio, 2002).

In the instant case, the period designated in the request was thirty days. Defendant's counsel received the First Set of Discovery, which included the Request for Admissions, on February 16, 2005. The thirty-day period expired on March 18, 2005. As of the date of this motion, WF&G has still not received a response to the Requests for Admissions, or any of the requests set forth in the First Set of Discovery. Therefore, Defendant has failed to answer WF&G's request for admission and each request is conclusively established.

## IV. Based On The Evidence and Uncontroverted Facts, Defendant's Debt To WF&G Should Be Excepted From Discharge Pursuant To 11 U.S.C. Section 523(a)(2)(B)

Pursuant to 11 U.S.C. Section 523(a)(2)(B), a discharge under section 727 of title 11 does not discharge an individual debtor from any debt which has been obtained by the: use of a statement in writing (i) that is materially false, (ii) respecting the debtor's . . . financial condition, (iii) on which the creditor to whom the debtor is liable for . . . money, property, services, or credit reasonably relied, and (iv) that the debtor caused to be made or published with the intent to deceive. See Ag Credit, ACA v. Walton (In re Walton), 165 B.R. 610, 614 (Bankr. N.D.Ohio, 1994).

In this case, each of the elements for the exception to discharge under 11 U.S.C. Section 523(a)(2)(B) have been met. Based on the evidence set forth in the Seidman Aff., WF&G provided legal services to Defendant on credit based on the representation of his financial condition, as set forth in the written electronic messages sent by Defendant to WF&G on April 11, 2003 and April 14, 2003. If this Court assumes that Defendant's schedules of assets and

liabilities filed with this Court in his Chapter 7 bankruptcy case were accurate,[1] the written statements related to Defendant's financial condition that were delivered to WF&G were materially false. In fact, at Defendant's Section 341 meeting of creditors, Defendant admitted that at least a portion of the written statements delivered to WF&G were false.[2]

Further, WF&G reasonably relied on the written statements. Not only did Defendant provide a summary of net worth prepared by Duff & Phelps, LLC and signed by three separate representatives, Defendant also provided a breakdown of the nature of the assets summarized in the Duff & Phelps letter. These two written statements, one upon the letterhead of a prominent national investment banking firm, signed by a managing director and two other representatives of the firm, and the other providing a detailed itemization of the specific holdings for the various assets, were credible and convincing on their face. Thus, WF&G acted reasonably in relying on the accuracy of these statements in extending credit to Defendant.

Finally, Defendant's intent to deceive WF&G can be inferred from the circumstances of this case. Less than one year prior to his bankruptcy filing, Defendant induced WF&G into extending legal service on credit by representing in writing to WF&G that his *net* worth exceeded $138 million dollars. However, Defendant's bankruptcy schedules indicate that upon the petition date Defendant had assets of only $1.7 million and liabilities of $6.8 million, for a negative net worth of more than $5 million. Defendant's schedules offer no explanation for how Defendant could have lost approximately $143 million dollars in 11 months, and the inescapable

---

[1] As this Court is aware, the submission of knowingly false bankruptcy schedules is a criminal offense under Title 18.
[2] Based on Defendant's testimony at his Section 341 meeting of creditors, if this Court finds that the written statements were accurate, Plaintiff reserves its right to proceed at trial with its alternative cause of action under Section 727(a)(5).

conclusion is that the written statements provided by Defendant to WF&G were materially false.

Because Defendant provided the written statements in response to a request for evidence of ability to pay, Defendant's false representation to WF&G was at best gross recklessness. In fact, his failure to respond to WF&G's request for admissions is deemed an admission to that effect. Because gross recklessness is sufficient to establish an intent to deceive, this case satisfies the fourth requirement of § 523(a)(2)(B). See In re Martin, 761 F.2d 1163, 1167 (6th Cir. 1985) ("The standard . . . is that if the debtor either intended to deceive the Bank or acted with gross recklessness, full discharge will be denied.").

In addition to the affirmative evidence set forth in the Seidman Aff., Defendant has conclusively admitted each of the elements. As a matter of law, based on Defendant's failure to respond to the Request for Admissions, it is established uncontrovertibly that 1) Defendant delivered a written statement to WF&G containing representations related to Defendant's financial condition; 2) that the written statements delivered to WF&G contained materially false representations related to Defendant's financial condition; 3) that WF&G reasonably relied upon the written statements related to Defendant's financial condition in providing additional legal services to Defendant; and 4) that Defendant provided the written statements related to his financial condition with the intent to deceive WF&G. Therefore, Defendant's own admissions support the evidence set forth in the Seidman Aff.

Because WF&G has established each of the elements with independent evidence and Defendant's own admissions, there is no genuine issue for trial and WF&G is entitled to judgment as a matter of law. Therefore, WF&G respectfully submits that this Court grant summary judgment on WF&G's Count I and award all other appropriate relief.

## V. Conclusion

For each of the foregoing reasons, WF&G respectfully requests that this Court grant its motion for summary judgment and order, pursuant to Section 523(a)(2)(B), that Defendant's debt to WF&G is excepted from Defendant's discharge.

Respectfully Submitted,

/s/ Justin W. Ristau
Kenneth C. Johnson     (0022021)
Justin W. Ristau       (0075222)
Bricker & Eckler LLP
100 South Third Street
Columbus, Ohio 43215-4291
(614) 227-2300
Fax: (614) 227-2390
kjohnson@bricker.com
jristau@bricker.com
Counsel for Plaintiff Willkie Farr &
Gallagher LLP

**CERTIFICATE OF SERVICE**

  The undersigned does hereby certify that a copy of the foregoing Motion for Summary Judgment was served on each of the parties below this 29th day of April 2005:

      Daniel S. Summers (via regular U.S. mail)
      1044 Township Road 286
      Richmond, Ohio 43944

      Daniel S. Summers (via regular U.S. mail)
      415 North Ocean Grande Dr.
      Unit 301
      Ponte Verde Beach, Florida 32082

          /s/ Justin W. Ristau
          Justin W. Ristau