**This document has been electronically entered in the records of the United States Bankruptcy Court for the Southern District of Ohio.**

**IT IS SO ORDERED.**

**Dated: June 11, 2005**

John E. Hoffman, Jr.
United States Bankruptcy Judge

___

## UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION AT COLUMBUS

| | |
|---|---|
| *In re*: | |
|    Daniel S. Summers and, | Case No. 04-50492 |
|    Jeannette E. Summers | Chapter 7 |
| | Judge Hoffman |
|     *Debtors*. | |

| | |
|---|---|
| Willkie Farr & Gallagher, | |
|    *Plaintiff*, | |
| v. | Adv. Pro. No. 04-2244 |
| Daniel S. Summers, | |
|    *Defendant*. | |

### OPINION AND ORDER GRANTING WILLKIE
### FARR & GALLAGHER LLP'S
### <u>MOTION FOR SUMMARY JUDGMENT</u>

## I. Background

This adversary proceeding is before the Court on the Motion for Summary Judgment ("Motion") (Doc. 26) filed by Plaintiff Willkie Farr & Gallagher ("WF&G") on April 29, 2005. In accordance with LBR 9013-1(a), WF&G served the notice fixing a 20-day response date for the Motion on May 16, 2005. WF&G seeks an order granting summary judgment on the first count of its complaint, a claim under 11 U.S.C. 523(a)(2)(B) that seeks to except a debt owed by Defendant Daniel S. Summers ("Summers") to WF&G from discharge. Summers has not responded to WF&G's Motion.

WF&G, a New York-based law firm, alleges that Summers retained WF&G in March 2003 to represent his interests in connection with a proposed transaction with Elder-Beerman Stores Corporation.[1] As part of the engagement, WF&G required that Summers provide some assurance of his financial condition and ability to pay for the legal services provided. WF&G submits documentation that it claims Summers provided the firm. The documents state that Summers had a net worth of over $138 million at the time he retained WF&G as his legal counsel.[2] WF&G contends that it relied on these written statements of Summers's overall financial condition, net worth and ability to pay in agreeing to provide legal services to him.

---

[1] These allegations are set forth in an affidavit by Steven Seidman, a member of WF&G, which is attached to the Motion. *See* Motion, Ex.1 ("Seidman Affidavit").

[2] WF&G submitted two emails and a letter that Summers provided to WF&G. These documents describe specific investments owned or held by Summers and his wife, Jeannette E. Summers (a joint debtor in the underlying Chapter 7 case). These documents show that Summers had a total net worth of $138,774,218, comprised of trust assets, real estate and other assets. *See* Seidman Affidavit, Exs. A-D.

WF&G asserts that he has refused to tender payment for the legal services it performed. As of the date Summers and his wife filed a joint voluntary petition for Chapter 7 bankruptcy relief on January 14, 2004, WF&G contends that he owed the firm not less than $353,411.90. WF&G also claims that Summers admitted at his § 341 meeting of creditors that at least a portion of the written statements delivered to WF&G were false.

WF&G filed its complaint against Summers on June 14, 2004. During the discovery phase of this adversary proceeding, WF&G served discovery requests, including a request for admissions, on both Summers's counsel (via hand delivery) and Summers (via U.S. Mail at his last known address) on February 16, 2005.[3] Motion, Exs. 2-3. WF&G requested responses within a 30-day period, yet Summers did not respond within the designated period and, in fact, never responded to any of the discovery requests, including the request for admissions. The request for admissions asked Summers to admit, among other things, the following:

>    1. Admit that you delivered a written statement to WF&G containing representations related to your financial condition.
>
>    2. Admit that the written statement delivered to WF&G contained materially false representations related to your financial condition.
>
>    3. Admit that WF&G reasonably relied upon the written statements related to your financial condition in providing additional legal services to you.
>
>    4. Admit that you provided the written statements related to your financial condition with the intent to deceive WF&G.

Motion, Ex.5, at 12-13.

---

[3]The Court granted the motion to withdraw filed by Gary Paul Price, former case attorney for Summers, on April 12, 2005 (Doc. 24).

## II. Legal Analysis

### A. Summary Judgment

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c) (made applicable to this adversary proceeding by Fed. R. Bankr. P. 7056). In order to prevail, the movant bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323-24 (1986). The nonmoving party must then "come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986) (quoting Fed. R. Civ. P. 56(a)) (emphasis deleted). The mere allegation of the existence of a factual dispute is insufficient to defeat a summary judgment motion. There must exist in the record a genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-50 (1986). A material fact is one that has the "potential to affect the outcome of the suit under applicable law." *FDIC v. Anchor Props.,* 13 F.3d 27, 30 (1st Cir. 1994) (citation omitted). "[A]s to materiality, the substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Niecko v. Emro Mktg. Co.,* 973 F.2d 1296, 1304 (6th Cir.1992) (quoting *Anderson,* 477 U.S. at 248).

### B. Request for Admissions

Rule 36 of the Federal Rules of Civil Procedure, made applicable to this adversary proceeding by Fed. R. Bankr. P. 7036, provides in pertinent part:

4

> **(a) Request for Admission**. A party may serve upon any other party a written request for the admission, for purposes of the pending action only, of the truth of any matters within the scope of Rule 26(b)(1) set forth in the request that relate to statements or opinions of fact or of the application of law to fact, including the genuineness of any documents described in the request. . . .
>
> Each matter of which an admission is requested shall be separately set forth. The matter is admitted unless, within 30 days after service of the request, or within such shorter or longer time as the court may allow or as the parties may agree to in writing, subject to Rule 29, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by the party's attorney. . . .
>
> **(b) Effect of Admission.** Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission.

Fed. R. Civ. P. 36(a)–(b). It is settled law under the Federal Rules of Civil Procedure that an unanswered request for admission under Rule 36 is deemed admitted. *See Barna v. Haas (In re Haas)*, 292 B.R. 167, 172 n.3 (Bankr. S.D. Ohio 2003) (citing Fed. R. Civ. P. 36). Rule 56(c) states that "admissions on file" can serve as an appropriate basis for the entry of summary judgment. Fed. R. Civ. P. 56(c). "It is also settled that admissions made under Rule 36, even default admissions[,] can serve as the factual predicate for summary judgment. Rule 36(b) provides that a matter admitted is conclusively established." *Friedly v. Niswonger, (In re Niswonger)*, 116 B.R. 562, 565 (Bankr. S.D. Ohio 1990) (citations and quotation omitted). "The scope of Rule 36(a) is quite broad and permissible requests include even 'ultimate facts' or facts dispositive of a case." *Id*. at 566 (citing *Campbell v. Spectrum Automation Co.*, 601 F.2d 246, 253 (6th Cir.1979)). *See also McGraw v. Jordan (In re Jordan)*, 47 B.R. 712, 714 (Bankr. N.D. Ohio 1985) ("[W]hen requests for admissions are not answered within the prescribed time, the facts stated in the requests are deemed to be true and may be used as the basis for summary judgment.").

In this adversary proceeding, Summers's failure to answer or respond to the request for admissions results in the facts stated in the request being conclusively established. Based on these admissions and the uncontested evidence of record, the relevant facts concerning WF&G's claim under 11 U.S.C. § 523(a)(2)(B) are undisputed. As there no longer remains a genuine issue as to any material fact, a decision on summary judgment is appropriate.

**C.** **Section 523(a)(2)(B)'s Dischargeability Exception**

"Section 523(a)(2)(B) provides that a debt is excepted from discharge to the extent it is obtained by use of a written statement '(I) that is materially false; (ii) respecting the debtor's or an insider's financial condition; (iii) on which the creditor to whom the debtor is liable for such money, property, services, or credit reasonably relied; and (iv) that the debtor caused to be made or published with the intent to deceive.'" *Gen. Elec. Capital Corp. v. Acosta (In re Acosta)*, 406 F.3d 367, 374 (5th Cir. 2005) (quoting 11 U.S.C. § 523(a)(2)(B)). *See also AG Credit v. Walton (In re Walton)*, 165 B.R. 610, 614 (Bankr. N.D. Ohio 1994).

The admissions, the uncontroverted Seidman Affidavit and the documents submitted by WF&G establish the necessary elements of WF&G's § 523(a)(2)(B) claim. It is undisputed that WF&G provided legal services to Summers on credit in reasonable reliance on Summers's written statements concerning his financial condition. It is also uncontested that these written statements contained materially false representations and were made by Summers with the intent to deceive.

### III. Conclusion

For these reasons, the Court **GRANTS** the Motion and finds that the debt owed to WF&G by Summers is excepted from discharge under 11 U.S.C. § 523(a)(2)(B). A separate judgment will be entered.

**IT IS SO ORDERED.**

Copies to:

Daniel S. Summers, *Defendant, 1044 Township Road 286, New Richmond, OH 43944*
Daniel S. Summers, *Defendant, 415 North Ocean Grande Drive, Unit 301,*
 *Ponte Verde Beach, FL 32082*
Justin Ristau, *Attorney for Plaintiff, 100 South Third Street, Columbus, OH 43215*
Gary Paul Price, *Attorney for Defendant, 555 City Park Avenue, Columbus, OH 43215*
D. William Davis, *Chapter 7 Trustee, 407-A Howard Street, Bridgeport, OH 43912*
Office of the U.S. Trustee, *170 N. High Street, Suite 200, Columbus, OH 43215*

###